IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JARED WADE HINMAN,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>DARREN GALLOWAY, *et al.*,<br><br>　　　　　　Defendants. | Case No. 24-cv-02646-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a motion filed by Plaintiff Jared Hinman asking the Court to reconsider the preliminary dismissal of his claim regarding failure to provide constitutionally adequate medical care for his back injury and the dismissal of his RLUIPA claim. (Doc. 14, 21). For the following reasons, the Motion to Reconsider is **DENIED**. (Doc. 21).

Under Federal Rule of Civil Procedure 54(b), the Court may revise any order adjudicating fewer than all the claims at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. Motions to reconsider an order under Rule 54(b) are judged largely by the same standards as motions to alter or amend a judgment under Rule 59(e), "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (citation omitted). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

In the First Amended Complaint, Plaintiff's alleges that he was kept in his cell for months

and issued disciplinary reports when for religious reasons he repeatedly refused to take a tuberculosis test. Eventually, in November 2023, Plaintiff asserts that he was given a blood test as an alternative to the tuberculosis test and was placed back into general population. According to Plaintiff, in February 2024, he was allowed to attend yard for the first time since being given the blood test. While at yard, he injured his back while lifting weights. Plaintiff asserts that he waited months for an x-ray and has "been given little to no treatment since" for his back injury. (Doc. 12, p. 12). In the First Amended Complaint in his description of Defendant Gentles, the health care unit administrator, Plaintiff writes, "also refusing care for back." (*Id.* at p. 5). The Court ruled in the Merits Review Order that this singular phrase was not sufficient to state a claim against Gentles for a constitutional deprivation. (Doc. 14, p. 4-5). Furthermore, because Plaintiff did not associate his allegations regarding denial or delay of medical care of his back injury against any other defendant, any claim Plaintiff intended to bring for inadequate care following his back injury was dismissed. (*Id.*).

Plaintiff argues in his motion to reconsider that the Court improperly dismissed his claim regarding inadequate medical care for his back injury. (Doc. 21, p. 2). He asserts that the Court should reconsider the dismissal of this claim because the inclusion of Defendants "Galloway, Bradford, Reed, Pind, Horn, Dr. David, Oneal, Rober and Litrell's collective ministerial neglect (through Gentle's professional capacity need be re-entered) should sufficiently satisfy that Shawnee Correctional Center's municipal liability for the proximatal cause, as the polices executed by Galloway et al (including Gentles) was the moving force behind the back injury." (*Id.* at p. 2). He also states that documents that he will later submit will be sufficient to "carry the claim of the back injury into this proceeding," but the documents are currently inaccessible to him, and he cannot afford the copying fees at this time. (*Id.* at p. 3). Plaintiff argues that the statute of

limitations to file suit in the Illinois Court of Claims has passed and to not reinstitute the claim in this case would permanently bar him from relief and would be morally wrong. (*Id.*).

Plaintiff has not shown that the Court's Merits Review Order contained an error of fact or law based on the factual allegations in the First Amended Complaint. The Court cannot infer liability on Gentles for inadequate medical care based on the "collective ministerial neglect" of subordinates or fellow employees. There is no vicarious liability under Section 1983. *See Aguilar v. Gaston-Camara*, 861 F.3d 626, 630 (7th Cir. 2017). Nor will the Court reconsider its Merits Review Order because of new allegations and additional information contained in documents not included in the First Amended Complaint.

Plaintiff also appears to argue that the Court should reinstate the dismissal of Count 3. Count 3 was a claim brought under the Religious Land Use and Institutionalized Persons Act (RLUIPA) against Defendants for punishing Plaintiff for refusing to take the tuberculosis skin test because of his religious beliefs. (Doc. 14, p. 5, 7). The Court dismissed this count because Plaintiff sued Defendants in their personal capacities for monetary damages, which is not authorized under RLUIPA. Plaintiff argues that at the time of filing the First Amended Complaint his "knowledge of the difference between personal and professional capacity was incomplete." (Doc. 21, p. 2). Plaintiff's misunderstanding of the law does not warrant reconsideration of the Court's Merits Review Order. For these reasons, the Motion to Reconsider is **DENIED.**

Plaintiff makes the statement that Counts 1, 2, 4, and 5, which were not dismissed in the Merits Review Order, are the "proximate cause for the [back] injury." (Doc. 21, p. 2). The Court clarifies that while Plaintiff has not made sufficient arguments to revive a constitutional claim for the denial or delay of medical care following his back injury against a named defendant, nothing in this Order prohibits Plaintiff from arguing his that back injury was caused by Defendants'

conduct as asserted under the surviving counts (Counts 1, 2, 4, and 5).

**IT IS SO ORDERED.**

**DATED:   December 3, 2025**

                                                              *s/Stephen P. McGlynn*
                                                              **STEPHEN P. MCGLYNN**
                                                              **United States District Judge**